UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

SALVATORE and JUDI POLLACE,                                          No. 08-10483

                          Debtor(s).
_____/

Memorandum on Objection to Claims
_____

       On January 1, 2005, Chapter 13 debtors Salvatori and Judi Pollace entered into an agreement to sell their real property to claimants Michael and Kathleen Razmek. The Razmeks soon thereafter filed a state lawsuit for rescission, alleging that the Pollaces fraudulently concealed defects in the property.

       On September 3, 2008, the Razmeks filed their own Chapter 13 in the Western District of Washington. They disclosed the litigation in their statement of affairs, but failed to list their claim as an asset in their schedules.[1]

       The Pollaces commenced this Chapter 13 case on March 20, 2008. Each of the Razmeks filed a claim for $500,000.00. The Pollaces object to the claims, and now seek summary judgment based on judicial estoppel.

       A debtor is generally barred from asserting a claim not duly scheduled in a bankruptcy case either by law, because until it has been duly scheduled it cannot be abandoned and therefore belongs only to the

---

[1] The Razmeks say they have now amended their schedules, but have offered no proof that their plan was not confirmed based on false schedules.

trustee in bankruptcy (11 U.S.C. § 554(d); *Cusano v. Klein*, 264 F.3d 936, 947-48 (9th Cir. 2001)) or pursuant to judicial estoppel because they gained an advantage in a prior case by taking an inconsistent position. *Yack v. Washington Mut., Inc.*, 389 B.R. 91, 96 (N.D.Cal.2008).

The complicating factor in this case is that the Razmek bankruptcy is a Chapter 13, not a Chapter 7. The Razmeks would not be barred from asserting these claims if, for instance, their plan proposed full payment to all their creditors, or their plan provided for any recovery on these claims to be paid to their Chapter 13 trustee for the benefit of their creditors, or the Razmeks were to exercise their right to voluntary dismissal of their Chapter 13 or were to obtain an order from the Washington court deeming their claims against the Pollaces abandoned. There are therefore significant factual issues which must be addressed at trial before the court can determine that the Razmek claims are barred.

For the above reasons, the motion for summary judgment will be denied. Counsel for the Razmeks shall submit an appropriate form of order.

Dated: November 8, 2008

Alan Jaroslovsky
U.S. Bankruptcy Judge