UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

SALVATORE and JUDI POLLACE,                                             No. 08-10483

                       Debtor(s).
_____/

Memorandum After Confirmation Hearing
_____

        In this Chapter 13 case, the Chapter 13 Trustee and creditors Michael and Kathleen Razmek have objected to confirmation. It appears that the debtors' amended plan, which calls for payments of $220.00 per month for 36 months, meets the requirements of § 1325(a) of the Bankruptcy Code. However, the objecting parties argue that because they have objected the debtors must also meet the requirements of § 1325(b), which require the debtors to pay all of their projected disposable income.

        In *In re Kagenveama*, 541 F.3d 868 (9th Cir 2008), the Court of Appeals held that "disposable income" is the mechanical means test calculation, unadjusted for reality. In that case, it meant that a debtor need not commit actual disposable income where the mechanical means test calculation resulted in a negative number. By extension, it means that in this case the debtors must pay the mechanical calculation of $943.54 per month regardless of their actual income.

        Payment of the mechanically-calculated monthly amount is impossible. Judi Pollace, the debtors' primary earner, has since the filing lost her employment and had part of her lung removed due to cancer. She will soon be turning 68, and has no reasonable prospects for resuming meaningful employment.

1

The court agrees with the debtors that the "special circumstance" provisions of § 707(b)(2)(B) are made applicable in Chapter 13 cases by § 1325(b)(3). *In re O'Connor*, 2008 WL 4516374*10 (Bkrtcy.D.Mont.,2008) [" In considering special circumstances this Court looks directly to § 707(b)(2)(B), as specifically authorized by § 1325(b)(3) . . .]. While *Kagenveama* mandates that a change in income alone is not a special circumstance, Judi Pollace's medical condition certainly qualifies. Accordingly, the automatic consequences of the mechanical means test calculation do not apply in this case.

For the foregoing reasons, the objections to confirmation will be overruled. The court finds that due to special circumstances the debtors' monthly payment shall be calculated on their actual income, not the mechanical means test calculation, and that the plan need only have a duration of 36 months.

If this memorandum disposes of all issues, counsel for the debtors shall submit a form of order confirming the amended plan. If any dispute remains as to whether the payments of $220.00 per month are sufficient to meet the requirements of § 1325(b)(1)(B) based on actual and not calculated income, then they shall promptly set the matter for further hearing.

Dated: December 16, 2008

Alan Jaroslovsky
U.S. Bankruptcy Judge